MICHELSEN ET AL., APPELLEES, *v.* SCHALLER ET AL., APPELLANTS.

(No. 675—Decided November 10, 1941.)

*Messrs. Bowman, Hanna & Middleton,* for appellees. *Mr. Amos L. Conn,* for appellants.

OVERMYER, J. Plaintiffs filed their petition in Common Pleas Court seeking a construction of certain provisions of the last will of Herman Kindervater, de-

ceased. From the decree entered by the trial court in favor of plaintiffs, the defendants appealed on questions of law.

The decedent, at his death in 1910, left a will disposing of his entire estate. The will had been executed in 1908. To his widow he left ''the peaceful possession of all real and personal estate,'' and she was named executrix. By the will, she was empowered to sell seven acres of land and use the proceeds to pay debts, etc. This was done. There was no occasion for dispute as to the items of the will here involved until the death of the widow in 1939. These items are as follows:

''3. At the death of my wife, the farm is to be divided between the four children, as follows:

''4. To my daughter, Leona Weeber, I will and bequeath ten acres situated between the seven acres ''mentioned before [to be sold by the widow to pay debts, etc.], and the *homestead*.

''5. To my daughter Rita [Rita Michelsen, plaintiff herein] I will and bequeath the *homestead* with 8 acres of ground.

''6. To my daughter Gertrude [Gertrude Schaller, a defendant herein] I will and bequeath twelve acres of ground *from the homestead south* to the end of the line.'' (Italics ours.)

In a seventh item he gives another daughter 26 acres of land not here involved.

The parcel of land ordered sold by the widow and devised to three daughters by items three to six, consisted of 37 acres, of a triangular shape, lying along an improved highway on its east, a railroad line diagonally forming the northwest boundary for much more than one-half the length of the tract. The seven acres ordered to be sold by the widow formed the point of the triangle, leaving thirty acres to be divided

between Leona Weeber (ten acres), Rita Michelsen (eight acres containing the homestead) and Gertrude Schaller (12 acres "from the homestead south to the end of the line"), that is, to the south end of the tract.

No mistake was made by the testator as to the total number of acres he was devising. But, when the widow died in 1939 and the remaindermen sought to take possession of their respective devises, a survey disclosed that by dividing the thirty-acre tract remaining into ten acres at the north for Mrs. Weeber, eight acres in the middle for Rita Michelsen, and 12 acres at the south for Gertrude Schaller, and running the lines at right angles to the highway through to the rear lines of the tract, it would separate the "homestead" on Rita Michelsen's eight acres by leaving only the barn and a willow tree on the eight acres of Rita's "homestead," and all other buildings, i. e., the residence, sheds, trees, shrubbery, etc., on Gertrude Schaller's 12 acres. This is all clearly shown by a drawing and map in evidence as an exhibit.

The plaintiffs in the court below conceded that since the total acreage was there to give each daughter the acreage the testator intended her to have, the court should not deprive Gertrude Schaller of any part of her 12 acres, and contended that Rita was entitled to the "homestead" according to all legal definitions of that term; whereupon the court, after hearing all the evidence and viewing the premises, decreed that:

"The south line of the eight-acre tract devised to the plaintiff Rita Michelsen [should begin] at a point 50 feet south of the south line of the dwelling house, and that said south line should extend far enough to the west to include all the appurtenances, and should there jog to the north a sufficient distance that the defendant Gertrude Schaller shall receive approximately 12 acres of land."

Proper surveys were made and the journal entry sets forth full descriptions of the parcels and location of lines in conformity with the decree of the court.

We are of opinion that the trial court was correct in its interpretation of the word "homestead" and the testator's intention as expressed in his will with reference thereto. Further, upon consideration of the evidence and an examination of the map of the property, all in the light of the language employed by the testator in the terms of the entire will, we are of opinion that no better plan could be devised to carry out the manifest intention of the testator than that employed by the lower court.

Defendants complain that the line as drawn deprives them of some frontage on the improved highway. They will be deprived of some 80 feet frontage on the highway, but they still will have about 316 feet frontage on the highway, and this frontage for a 12-acre tract would seem to be ample for all purposes; and they are compensated by more acreage in the rear.

A cross-petition was filed by the defendants Gertrude Schaller and her husband, asking that if the residence on the "homestead," now located on their 12 acres and in which they have lived as tenant farmers of the tract for many years, before the widow's death and since, is decreed to Rita Michelsen, then that they be reimbursed for certain repairs, improvements and betterments claimed to have been made by them to the "homestead."

The court below found against the cross-petitioners and ordered the cross-petition dismissed. No special error is assigned in this respect but counsel urge in argument and brief that the court erred on this point.

In item eight of the will, the testator provided that the farm should not be divided during the life of the widow, but that if any of the daughters "wish to im-

prove any part of their respective inheritance during the life of my wife, they may do so at their own expense and no part is to be paid by my wife or her executors."

The trial court found that such repairs and improvements as were made by the defendants during their tenancy were done at the expense of and for the benefit of the life tenant, the widow; and while there is evidence that the defendants paid some money and expended some labor in connection with some of these items, they had the use and enjoyment of them for many years. The evidence shows many of the claimed improvements have deteriorated and the house now needs considerable repair.

In view of the provisions of item eight of the will and the facts and circumstances shown by the evidence, we find no error in the action of the court with reference to the cross-petition.

Finding no prejudicial error in the record, the judgment will be affirmed.

*Judgment affirmed.*

LLOYD and CARPENTER, JJ., concur.